## Postal Telegraph-Cable Company of Illinois, Appellee, v. Robert Staehle et al., Appellants.

### Gen. No. 20,604.   (Not to be reported in full.)

Interlocutory appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in the Branch Appellate Court. Reversed. Opinion filed October 6, 1914.

### Statement of the Case.

Bill in equity by Postal Telegraph-Cable Company of Illinois, a corporation, against Robert Staehle, doing business as Selden Investment Company, and others. In its material parts the bill avers that complainant employs a large force of skilled persons to whom defendant, Staehle has made loans at exorbitant and usurious rates of interest on their individual notes secured by assignments of their wages earned and to be earned for a period of ten years, each with an annexed power of attorney to make certain waivers and confess judgment for the amount loaned with usury, attorneys' fees, etc.; that complainant has endeavored to comply with such assignments with the result that employees quit its service and its business was thereby injured; that it made an agreement with

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

defendant Staehle for partial payments each month on certain of said loans but that Staehle disregarded the same, demanding payments in full and resorting to the courts for the enforcement of said assignments and his claims; that several suits based on said assignments are pending against complainant and other suits are threatened, and that the other two defendants, his attorneys, are conspiring with him to bring such suits.

Connected with these averments are allegations in general terms, unsupported by averments of fact, that the assignments were procured by fraud, misrepresentation and duress, and that defendant Staehle has "extorted" and is attempting to extort illegal sums of money and the wages of said employees.

Pursuant to the prayer of the bill the court entered an interlocutory order restraining defendants from prosecuting pending suits and bringing further suits at law on assignments of wages made by complainant's employees, and from extorting or attempting to extort money from them. This appeal is from an interlocutory order granting the injunction and denying defendants' motion to dissolve the same.

CHARLES R. NAPIER and CHARLES S. MCILVAINE, for appellants.

JACOB E. DITTUS, for appellee.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

## Abstract of the Decision.

1. INJUNCTION, § 187*—*when bill to enjoin prosecution of suits on assignments of wages insufficient.* A bill filed by a company against an assignee of its employees' wages to restrain said assignee and his attorneys from prosecuting suits at law on such assignments on the ground that such assignments were procured by fraud

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

and that to enforce the assignments would result in complainant's employees quitting its service and thereby injuring its business, *held* to contain no averments entitling complainant to equitable relief, there being no averments of fact to show that assignments were procured by fraud and the bill setting forth nothing illegal in the transaction except usury.

2. SUBROGATION, § 5*—*when employer paying wages after notice of assignment not entitled to.* Where an employer after notice of assignment of wages pays the employees their wages, he is not entitled to subrogation against the assignee where the assignors are legally liable for the amount of their loans and bound by their assignments.

3. DISCOVERY, § 5*—*when claim of right to, does not furnish ground for equitable relief.* Equity will not entertain a bill upon complainant's claim of a right to a discovery and an accounting, where its right thereto is predicated upon the claim that it has no means of knowing the number and amount of assignments of its employees' wages and that it has paid its employees' wages so assigned in order to retain their services and to prevent defendant using such assignments "to extort money to which he is not entitled," it appearing complainant is not liable on any assignments of which it received no notice and the bill not alleging its inability to acquire such information from its employees or their assignee.

4. EQUITY, § 59*—*multiplicity of suits.* Equity will not take jurisdiction on the ground of multiplicity of suits, where the only suits that can be brought against complainant are upon assignments of its employees' wages and no one of such suits would settle any controversy of fact or law in the others, it also appearing that the complainant seeks to adjust in one suit by an accounting the several rights of action which it has voluntarily invited against itself by disregarding notices of what it admits were legal assignments, and as to which anything in the bill constituting a defense would be available at law.

5. INJUNCTION, § 160*—*sufficiency of verifiction of bill for preliminary injunction.* A preliminary injunction will not be granted where the essential allegations are verified on information and belief.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.